**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ANWAR RANDLE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 09-cv-535-DRH |
| | ) |
| **RON VITALE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Plaintiff Anwar Randle, formerly an inmate in the Centralia and Southwestern Illinois Correctional Centesr, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; portions of this action are subject to summary dismissal, while other portions must be severed into separate lawsuits.

**THE COMPLAINT**

In May 2008, while at the Southwestern Illinois Correctional Center, Randle was subjected to physical torment by the tactical team. Specifically, Randle was required to site in a restrictive restraint position for several hours, which caused injuries to his neck and back. That incident is the subject of a prior lawsuit pending before this Court, and thus is not at issue in this action. *See Randle v. xxxx*, Case No. 08-cv-856-DRH (S.D. Ill., filed ddddd). After that incident, while still at Southwestern, Randle received medical treatment as well as counseling for his injuries. In January 2009, Randle was transferred to Centralia. At Centralia he was assigned to bunks with spring supports, and he quickly began to experience back pain. He saw Defendant Santos, who prescribed pain medication but denied Randle's request for a flat bunk or a board to place under his mattress.

While still at Southwestern, Randle was exposed to multiple individuals who were infected with communicable diseases, such as scabies, hepatitis, and staph infections. In late 2008, shortly before his transfer to Centralia, Randle contracted some form of skin condition that manifested itself as painful, itching inflammation and rashes. Randle believes that officials at Southwestern, including Defendant Shah, did not take appropriate action to prevent the spread of these infectious conditions. He also alleges that at Centralia, Defendant Santos did not provide adequate medical treatment for this condition.

While still at Southwestern, Randle received a disciplinary ticket on December 22, 2008, for possession or solicitation of unauthorized personal information. At the hearing on December 31, 2008, conducted by Defendants Morrison and Holtmann, Randle was found guilty and punished with three months' reduction to B-grade and 28 days of commissary restriction. Later, the reduction in grade was changed to C-grade. Because C-grade inmates are not housed at Southwestern, Randle

was transferred to Centralia. Randle believes that this disciplinary proceeding was concocted in retaliation for the first lawsuit he filed in this District.

In addition to these three claims, each of which is presented in a separate count, Randle adds in two more claims in which he challenges administrative policies regarding good conduct credit and mandatory supervised release. Each of the five counts will now be examined.

**COUNT 1**

Randle's first claim is that Defendants Shah and Santos acted with deliberate indifference to his medical needs with respect to his injuries sustained in the May 13, 2008, incident.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

In his complaint, Randle clearly acknowledges that he received treatment for both physical and emotional injuries while still at Southwestern. His only specific claim against Shah, the doctor at Southwestern, is that Shah failed to "use ordinary skill and care both in diagnosis and in treatment." Essentially this claim against Shah sounds in negligence, but "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994) (A series of acts of negligence "is merely evidentiary; it is not an alternative theory of liability."). Thus, Randle has

failed to state a claim against Shah in Count 1.

Randle's allegations against Santos, the doctor at Centralia, are more substantial. Applying the standards set forth above to those allegations, the Court is unable to dismiss this claim against Santos at this time.

## COUNT 2

This second claim involves the exposure to, spread of, and treatment for communicable diseases at Southwestern. Randle alleges that Defendants Davison, Vitale, Morrison and Shah were aware of these conditions, yet they collectively failed to take action to prevent the spread of these conditions. Such allegations present, at best, claims of negligence, but a defendant cannot be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Thus, Randle has failed to state a claim against these Defendants for failing to prevent the spread of these conditions.

When Randle contracted an unspecified skin problem in late 2008, he states that he was provided with antibiotics at Southwestern to treat his condition. Thus, Randle has failed to state a claim against Shah for deliberate indifference to his medical needs.

Conversely, upon his transfer to Centralia, Randle alleges that Santos has failed to perform *any* sort of diagnostic tests or treatment for his skin condition. Applying the standards set forth above in Count 1 to these allegations, the Court is unable to dismiss this claim against Santos at this time.

## COUNT 3

Randle's third claim involves the disciplinary proceeding that took place at Southwestern in December 2008. He asserts that the ticket was not written within the time-frame specified by state law, that he was not permitted to call witnesses at the hearing, and that the committee presiding over the hearing was not impartial. Thus, he argues that was unjustly punished with reduction to

C-grade and loss of commissary privilege.

Randle has no protected liberty interest in either his grade level or in shopping at the commissary. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein). If his only claim in this count was a deprivation of procedural due process, the claim would fail. However, Randle asserts that this disciplinary proceeding was implemented or sanctioned by Defendants Morrison, Vitale, Holtmann, Bateman, Payne, Rodgers and Davidson out of retaliation for the lawsuit Randle filed in July 2008.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.*

## COUNT 4

In this claim, Randle challenges a provision of state law that allows an award of 60 days of good conduct credit to inmates who earn a G.E.D., or high school equivalency certificate, while incarcerated. *See* 730 ILCS 5/3-6-3. He argues that this statute unfairly discriminates against inmates such as himself, who obtained a high school diploma prior to incarceration.

## COUNT 5

In his final claim, Randle challenges his term of mandatory supervised release, imposed under 730 ILCS 5/5-8-1. He argues that the imposition of this term unfairly prolongs his time in custody.

**SEVERANCE OF CLAIMS**

Rule 18(a) of the Federal Rules of Civil Procedure permits a plaintiff to assert all of his claims against one defendant in one civil action. As such, Randle may properly bring Counts 1 and 2 in the same complaint because in both counts, as now structured, Randle seeks relief only against Defendant Santos at Centralia Correctional Center.

Count 3 of the complaint, however, seeks relief against Defendants Morrison, Vitale, Holtmann, Bateman, Payne, Rodgers and Davidson, all at Southwestern Illinois Correctional Center, for a retaliatory disciplinary transfer. Counts 4 and 5 of the complaint seek relief against, respectively, the Illinois Department of Corrections and the Illinois Prisoner Review Board. The claims asserted in Counts 3, 4 and 5 do not arise from the same transaction, occurrence, or series of transactions or occurrences as Counts 1 or 2. The Seventh Circuit emphasizes that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). On review of the complaint, the claims presented in Counts 3, 4 and 5 of the complaint are not sufficiently related to the claims against Defendant Santos in Counts 1 and 2 so as to allow them to proceed together in one lawsuit.

Randle is **ADVISED** that the Court is inclined to sever Counts 3, 4 and 5. If these claims are severed, each claim would be removed from this case and opened in its own new case. A new case number would be assigned for each of these three claims, and an additional filing fee would be assessed for each of these three new cases.

Because the imposition of additional filing fees may impose a financial burden on him, Randle is **FURTHER ADVISED** that he may avoid severance (and the imposition of additional filing fees) by filing a motion to voluntarily dismiss Counts 3, 4 and 5 without prejudice. Such a motion must be filed within thirty (30) days of the date of entry of this order. Before filing that motion, Randle shall consider whether he could re-file the dismissed claims without running afoul

of the applicable two-year statute of limitations for civil rights actions in Illinois.

## SUMMARY

**IT IS HEREBY ORDERED** that Defendant **SHAH** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that within 30 days of the date of entry of this order, Randle may file a motion to voluntarily dismiss Count 3, Count 4, and/or Count 5 from this action.

**IT IS FURTHER ORDERED** that if Randle does not voluntarily dismiss these claims from this action, the Court will sever each of these claims into a new action. A new case number will be assigned for each of these three claims, and an additional filing fee will be assessed for each of these three new cases.

**IT IS SO ORDERED.**

**DATED: February 9, 2010.**

/s/    *David R Herndon*
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**