IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANWAR RANDLE,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CIVIL NO. 09-cv-535-DRH |
| **RON VITALE, et al.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Anwar Randle, formerly an inmate in the Centralia and Southwestern Illinois Correctional Centers, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The Court previously reviewed the complaint, *see* 28 U.S.C. § 1915A, dismissed one defendant, and found that three of the five claims should be severed into separate actions. Randle was given thirty days to voluntarily dismiss those claims, but he did not respond. Therefore, in a separate order entered today, three claims were severed into three new actions. The only claims remaining in this action are against Defendant Santos.

### THE COMPLAINT

In May 2008, while at the Southwestern Illinois Correctional Center, Randle was allegedly subjected to physical torment by the tactical team. Specifically, Randle was required to site in a restrictive restraint position for several hours, which caused injuries to his neck and back. That incident is the subject of a prior lawsuit pending before this Court, and thus is not at issue in this action. *See Randle v. Davison*, Case No. 08-cv-856-DRH (S.D. Ill., filed Dec. 9, 2008). After that incident, while still at Southwestern, Randle received medical treatment as well as counseling for his injuries. In January 2009, Randle was transferred to Centralia. At Centralia he was assigned to

bunks with spring supports, and he quickly began to experience back pain.  He saw Defendant Santos, who prescribed pain medication but denied Randle's request for a flat bunk or a board to place under his mattress.

While still at Southwestern, Randle was exposed to multiple individuals who were infected with communicable diseases, such as scabies, hepatitis, and staph infections.  In late 2008, shortly before his transfer to Centralia, Randle contracted some form of skin condition that manifested itself as painful, itching inflammation and rashes.  Randle believes that officials at Southwestern did not take appropriate action to prevent the spread of these infectious conditions.  He also alleges that at Centralia, Defendant Santos did not provide adequate medical treatment for this condition.[1]

**COUNT 1**

Randle's first claim is that Defendant Santos acted with deliberate indifference to his medical needs with respect to his injuries sustained in the May 13, 2008, incident.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition."  *Estelle,* 429 U.S. at 106.  *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

Applying the standards set forth above to those allegations, the Court is unable to dismiss this claim against Santos at this time.

---

[1] The Court will not reiterate the other allegations in the complaint, as those claims are now severed into separate actions.

## COUNT 2

When Randle contracted an unspecified skin problem in late 2008, he states that he was provided with antibiotics at Southwestern to treat his condition. However, upon his transfer to Centralia, Randle alleges that Santos failed to perform *any* sort of diagnostic tests or treatment for his skin condition. Applying the standards set forth above in Count 1 to these allegations, the Court is unable to dismiss this claim against Santos at this time.

## APPOINTMENT OF COUNSEL

Randle also seeks appointment of counsel in this action (Doc. 3). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Plaintiffs have attempted to obtain counsel or been effectively precluded from doing so. Therefore, the motion for appointment of counsel (Doc. 3) is **DENIED**, without prejudice.

## DISPOSITION

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **SANTOS**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **SANTOS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint,

applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED:   March 24, 2010.**

    /s/    DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**